Revised September 16, 2002

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30964

_____


GLEN HARRIS,

                    Petitioner-Appellant,

          v.

CHARLES C FOTI, JR, Orleans
Parish Criminal Sheriff,

                    Respondent-Appellee.

---------------------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
99-CV-1043
---------------------------------

September 12, 2002

Before SMITH and BENAVIDES, Circuit Judges, and ENGELHARDT,[*] District Judge.

PER CURIAM:[**]

     In this habeas case, petitioner contends that his counsel was ineffective by not moving to

withdraw his guilty plea after it was determined that petitioner had concealed his identity and criminal

history from the court.  For the following reasons, we agree with the district court that the habeas

_____

[*]District Judge of the Eastern District of Louisiana, sitting by designation.

[**]Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

petition should be denied.

## I.

Petitioner Glen Harris ("Harris"), a Louisiana state prisoner, was arrested for simple burglary. Presumably aware that his previous convictions would increase this sentence, Harris identified himself by using his brother's name, Arzia Harris. Still masquerading under his false identity, he entered a "best interest" plea, which is considered to be a guilty plea under *North Carolina v. Alford*, 400 U.S. 25 (1970). After petitioner waived all sentencing delays and requested immediate sentencing, the trial court imposed a three-year suspended prison sentence and three years of probation.

Petitioner's fraud on the court was discovered, however, when he reported to his supervising probation officer, Robert Rogers. Even though petitioner was wearing dark glasses in an apparent effort to conceal his identity, Officer Rogers recognized him as Glen Harris from a previous case. Harris was then arrested as a parole violator and taken into custody. Now aware of his true identity, the state filed a multiple offender bill against Harris, which had the effect of increasing the applicable sentence for simple burglary. After a hearing at which it was established that Harris had lied to the court in an effort to hide his prior criminal history, the court found him to be a triple offender and sentenced him to twenty-four years in prison.

After a series of post-conviction proceedings, Harris filed the instant § 2254 petition, arguing in part that his counsel performed ineffectively by failing to move to withdraw the plea, which he alleged was constitutionally infirm because he was not told that he could receive a sentence in excess of twelve years. The district court denied his petition, stating that there was no plea agreement

2

between Harris and the state. As such, it held that Harris' counsel was not ineffective in failing to move for the withdrawal of the original plea. We granted a certificate of appealability ("COA") on this issue.

II.

Under section 2254(d), "habeas relief is not available to a state prisoner with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Foster v. Johnson*, 293 F.3d 766, 776 (5th Cir. 2002) (citing 28 U.S.C. § 2254(d)). When conducting the "unreasonable application" inquiry, a federal court "should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2000). Following the Supreme Court, we have emphasized that *reasonable* is not synonymous with *correct*: "an application of clearly established Supreme Court precedent must be incorrect *and* unreasonable to warrant federal habeas relief." *Foster*, 293 F.3d at 776.

Harris' ineffective assistance of counsel claim is governed by the clearly established standard set forth in *Strickland v. Washington*, 466 U.S 668 (1984). Under *Strickland*'s two-prong analysis, we first determine whether counsel's performance was deficient and, if so, then ask if that deficiency prejudiced the defense. *Id.* at 687. To show prejudice in the context of a guilty plea, Harris must demonstrate that there is a reasonable probability that, but for counsel's errors, he would not have pled guilty and would instead have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58

3

(1985); *Daniel v. Cockrell*, 283 F.3d 697, 707 (5th Cir. 2002).

Although Harris claims that he pled guilty pursuant to an agreement with the state, the record does not support this characterization. Indeed, Harris himself ultimately concedes that there was no such agreement. In fact, the state objected to his best interest plea and there is no evidence in the record of any promises made by the state regarding the length of his sentence. *Cf. State v. Rios*, 670 S.2d 708, 713 (La. App. 1996) (allowing defendant who had misrepresented identity and criminal history to withdraw original guilty plea prior to sentencing under multiple offender bill on the grounds that the original plea was induced by state's promise of light sentence). We therefore reject any implication that Harris was induced by the state's promise of a sentence under the first-time offender provision of the statute.

Moreover, we note that the sentencing court said nothing about the applicability of the multiple offender provision. Rather, the court accurately informed Harris that the penalty for simple burglary carried a maximum of twelve years in prison and a $2000 fine. *See* La. Rev. Stat. Ann. § 14.62. Harris contends that any ambiguities in the sentencing court's admonishment should be construed in his favor. We disagree. The sole reason that the multiple offender provision was not taken into account by the sentencing court is that Harris deliberately concealed his identity and criminal history. Furthermore, it is clear that Harris anticipated the potential enhancement for his multiple offenses, as his fraud on the court was specifically designed to avoid being sentenced as a multiple offender. As he was fully aware of the consequences of his guilty plea, there was no violation of his rights under *Boykin v. Alabama*, 359 U.S. 238 (1969).

As Harris' plea to the predicate offense of simple burglary was not tainted, there was no basis for his counsel to move for its withdrawal. Thus, his counsel's failure to move for withdrawal of the

4

guilty plea cannot amount to ineffective assistance of counsel under *Strickland* and *Hill*, so the state court's denial of his *Strickland* claim was not unreasonable. Accordingly, the judgment denying habeas relief is AFFIRMED.